# EXHIBIT 1

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Justin M. Kittredge, being first duly sworn, hereby state as follows:

### INTRODUCTION AND INVESTIGATOR BACKGROUND

1. I am a Special Agent with the Maine State Police Computer Crimes Unit, where I investigate a variety of crimes, including child exploitation offenses. I am also assigned to the United States Secret Service's New England Electronic Crimes Task Force, where I investigate computer-related crimes, and am deputized as a Special Deputy United States Marshal. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws who can seek and execute arrest and search warrants. I have worked in law enforcement since 1998. During that time, I have led numerous investigations into a variety of crimes, including child exploitation offenses on the internet. I have also participated in dozens of investigations involving unauthorized computer access, network intrusions, and the distribution of child pornography via the internet. I hold a Bachelor's Degree in the Administration of Justice and I am an EnCase Certified Examiner (EnCE).

2. I have completed both cyber-crime investigations and computer forensics training, including Fundamentals of Cybercrime for Law Enforcement; Basic Investigation of Computer and Electronic Crimes; EnCase Macintosh-Linux Examinations; Network Intrusion and Incident Response; Memory Analysis; Smartphone Investigations; Forensic Preview Tool osTriage 2; Live Imaging and Encryption Detection; Advanced Forensics Training; and EnCase Computer Forensics I and II. In addition, I have proctored numerous cyber-related courses at the National Computer Forensics Institute.

3.      I am presenting this affidavit in support of the issuance of a criminal complaint charging Thomas Stewart with transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

4.      This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint. The facts set forth in this affidavit are based upon my personal knowledge, information obtained during my participation in this investigation, my review of documents and computer records related to this investigation, and information gained through my training and experience.

## PROBABLE CAUSE

5.      On October 26, 2018, the National Center for Missing and Exploited Children (NCMEC) generated CyberTipline Report No. 42323978 (hereafter the "CyberTip").[1] The CyberTip was based on a submission to NCMEC by Dropbox, an online service that allows users to store files remotely on Dropbox's servers. Dropbox reported that a user with the user name "John Smith" and the email address luke992rhyme@hotmail.com had uploaded child pornography files to the user's account. Dropbox also reported that the account had been created on July 18, 2018, and the user had logged in to the account on July 28, 2018, from IP address

---

[1] NCMEC's CyberTipline receives leads and tips from electronic service providers, internet service providers, and members of the public regarding suspected crimes of sexual exploitation committed against children. Tips sent through the CyberTipline generate a formal report, known as a "CyberTipline Report," which memorializes the tip, and often includes other pertinent information regarding the alleged sexual exploitation crime. If the source of the conduct can be geo-located, the CyberTipline Report is then sent to the commander of the Internet Crimes against Children (ICAC) Task Force in the state to which the activity resolved, for purposes of further inquiry and investigation.

2601:196:200:f4ff:dd54:b261:d895:3a3a.[2] Dropbox also provided NCMEC with copies of the 441 files that had been uploaded to the Dropbox account on September 9.

6. NCMEC referred the CyberTip to the New Hampshire Internet Crimes against Children Task Force because publicly available geolocation information suggested that the IP address was located in New Hampshire. The case was subsequently referred to the Maine State Police Computer Crimes Unit and specifically to me. I reviewed the 441 files that had been uploaded to the Dropbox account. Over 300 of the files depicted children under twelve years of age engaged in sexually explicit conduct. One such file had the file name "147945.jpg." The image file depicted a naked female, one to three years old, lying on her back with her knees pulled to her chest. An adult penis appeared above the child's pelvic region. A copy of the file is attached under seal as Exhibit 1.

7. Information provided by Charter Communications, the provider assigned IP address 2601:196:200:f4ff:dd54:b261:d895:3a3a, indicated that at the time the IP address was used to log into the Dropbox account, the IP address was assigned to Lauren Roche at 24 Foyes Lane in Kittery Point, Maine.

8. Maine Bureau of Motor Vehicles (BMV) information indicated that Lauren Stewart had a Maine driver's license, with an address of 24 Foyes Lane in Kittery Point. The BMV information indicated that Stewart had a previous name of Lauren R. Roche. BMV information also indicated that Thomas L. Stewart listed his residence as 24 Foyes Lane in Kittery Point.

---

[2] This IP address is an example of an Internet Protocol version 6, or IPv6, address. Although an IPv6 address looks different from an IPv4 address, an example of which would be 192.168.1.1, IPv6 addresses perform the same functions as IPv4 addresses.

9. On December 6, 2018, I obtained a search warrant for 24 Foyes Lane from Maine District Court Judge Jed French. Other investigators and I executed the warrant on December 12, 2018, at about 9:30 a.m. The home was unoccupied at the time we entered the residence. Four items were seized under the warrant: an HP laptop computer; a Samsung Galaxy tablet, and two external hard drives. An initial search of the tablet on-scene revealed evidence of child pornography.

10. Special Agent Tyler Martin of the United States Secret Service and I traveled to the Portsmouth Naval Shipyard, where Thomas Stewart was believed to be employed as a member of the U.S. Navy. Stewart was located on the Shipyard, and agreed to come to the Naval Criminal Investigative Service (NCIS) office on the base to be interviewed.

11. SA Martin and I met and interviewed Stewart at the NCIS office. At the outset of the interview, which I recorded, I read him his Miranda rights. He indicated he understood his rights and agreed to speak with us. He confirmed he was the user of the email accounts tomstewart778@gmail.com and luke992rhyme@hotmail.com. He said he had created the Hotmail account when he was in high school.

12. Stewart initially claimed not to recall using Dropbox, but eventually confirmed that he had two Dropbox accounts, one using the email address tomstewart778@gmail.com and one using the address luke992rhyme@hotmail.com. He estimated that he had opened the latter account in the summer or fall of 2018.

13. Stewart admitted that he used his Samsung Galaxy tablet to access child pornography. He provided the passcode for the tablet. He and I also reviewed the contents of the luke992rhyme@hotmail.com Dropbox account. He confirmed he was familiar with the contents

of the account, and estimated he stored possibly hundreds of child pornography files in the account.

14. Stewart said he had obtained the sexually explicit files in his Dropbox account from unknown "generous" users of the instant messaging application Wickr, and the microblogging and social networking service Tumblr. He said that in addition to the Dropbox account, he also stored child pornography files in his Mega cloud storage account and on his Samsung tablet.[3]

15. At the end of the interview, Stewart led me to his car, where he provided me with his Google Pixel 2 XL smartphone. He provided verbal and written consent to search the phone for evidence of child exploitation.

16. Forensic analyst Katie Dow with the Maine State Police Computer Crimes Unit performed a data extraction of the information on the Samsung Galaxy tablet seized from 24 Foyes Lane. I later reviewed the results of the extraction. The tablet contained hundreds of still images and videos depicting children engaged in sexually explicit conduct. One file had the file name "iOS_image_upload (77).jpeg." It depicted a young girl with her legs spread and bound to her wrists, displaying her genitals. Her mouth was also covered with tape. A copy of the file is attached under seal as Exhibit 2.

17. I also observed that there were keyword matches on the tablet for the terms "dropbox," "luke992rhyme," "mega," "tomstewart," "tumblr," and "wickr."

---

[3] Mega is a cloud storage and file-hosting service offered by Mega Limited, a New Zealand-based company. The service is offered primarily through web-based apps. Mega mobile apps are also available for Windows Phone, Android and iOS.

## CONCLUSION

18.    Based on the foregoing, I submit that probable cause exists to believe that on September 9, 2018, Thomas Stewart knowingly transported child pornography in and affecting interstate commerce. I submit that probable cause also exists to believe that on December 12, 2018, Stewart knowingly possessed a Samsung tablet containing images of child pornography that had been transported in or affecting interstate commerce. I therefore request that the Court issue a criminal complaint and arrest warrant charging him with these offenses.

Dated at Portland, Maine this 25th day of January, 2019.

_____
Justin M. Kittredge
Special Deputy U.S. Marshal
United States Secret Service New England
Electronic Crimes Task Force

Sworn to and subscribed before me this 25th day of January, 2019.

_____
John H. Rich III
United States Magistrate Judge

A TRUE COPY
ATTEST: Christa K. Berry, Clerk

By: _____
      Deputy Clerk

6